UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,
          Plaintiff

     v.                              NO. _____

$2,100,000.00 IN UNITED
STATES CURRENCY, SEIZED
FROM BANK OF AMERICA
ACCOUNT NO. 898012027649,
          Defendant

## SETTLEMENT AGREEMENT

The United States of America and Inverglobal Corporation (collectively, the "Parties"), by their undersigned attorneys, set forth the following:

WHEREAS, on March 25, 2009, the United States executed a seizure warrant, issued by a United States Magistrate Judge in this district, at a branch of Bank of America in Miami, Florida, authorizing seizure of all funds on deposit in Bank of America account number 898012027649, in the name of Rosemont M Corporation d/b/a Inverglobal Corporation ("Account M-7649");

WHEREAS, pursuant to that seizure warrant, Bank of America subsequently paid over to the United States the sum of $4,631,130.18 seized from Account M-7649 (the "Seized Funds");

WHEREAS, Inverglobal Corporation ("Inverglobal") asserts that it is the beneficial owner of the Seized Funds;

WHEREAS, Diego Arnal, President of Rosemont M Corporation, on behalf of Rosemont M Corporation, has disclaimed any interest in the Seized Funds;

WHEREAS, since the seizure, the Parties have engaged in settlement negotiations in the hope of resolving this matter without litigation, and have agreed on the resolution set forth in this Agreement, which the Parties believe is fair and just under all of the circumstances;

WHEREAS, the Parties' Agreement calls for forfeiture to the United States of $2,100,000.00, together with any interest or other return actually earned on that $2,100,000.00 portion of the Seized Funds, via an assented-to civil judicial forfeiture complaint, and release of the remaining $2,531,130.18, together with any interest or other return actually earned on that $2,531,130.18 portion of the Seized Funds, to Inverglobal, through its attorneys; and

WHEREAS, the agreed forfeiture cannot be conducted by administrative process and requires court approval;

NOW THEREFORE, the Parties stipulate and agree as follows:

1.   Upon execution by the Parties, this Agreement and the Parties' Assented-To Complaint for Forfeiture *in Rem* (the "Complaint"), a copy of which is attached as Exhibit A to this Agreement, shall be filed with the Court.  The Parties hereby assent to a United States Magistrate Judge's conducting all proceedings in this assented-to civil forfeiture case, including final disposition, pursuant to 28 U.S.C. § 636(c) and the applicable Local Rules and Standing Orders of this Court.  The

2

United States District Court for the District of Massachusetts
shall retain jurisdiction to enforce the provisions of this
Agreement.

2.    Subject to the terms set forth in this Agreement and in
the Final Judgment and Order of Forfeiture that the Parties will
ask the Court to enter pursuant to the Complaint, the Parties
agree that $2,100,000.00 of the Seized Funds, together with any
interest or other return actually earned on that $2,100,000.00
portion of the Seized Funds, shall be forfeited to the United
States of America.  Within a reasonable time after entry of the
proposed Final Judgment and Order of Forfeiture, the remainder of
the Seized Funds, in the amount of $2,531,130.18, together with
any interest or other return actually earned on that
$2,531,130.18 portion of the Seized Funds, as calculated by the
United States Marshals Service, shall be returned to Inverglobal,
through its attorneys, except as provided in Paragraph 3 below.

3.    Inverglobal hereby represents that it has previously
and fully reimbursed all of its clients who might otherwise have
attempted to claim any part of the Seized Funds, and that it is
not aware that any such client intends to contest the proposed
forfeiture.  Inverglobal agrees to indemnify the United States
and to hold it harmless against any claims relating to any
portion of the Seized Funds, including, without limitation, any
claims contesting the agreed forfeiture of $2,100,000.00 of the

3

Seized Funds.  If any claims are filed contesting the agreed forfeiture, Inverglobal further agrees that the United States, in its discretion, may retain a sufficient additional portion of the Seized Funds to cover those claims and still ensure the final and uncontested forfeiture of the full agreed amount of $2,100,000.00 until such time as those claims are either finally rejected by the courts, including any appeal, or paid pursuant to court order from the retained Seized Funds.  The waiver of appellate rights set forth in Paragraph 6 below does not prevent any of the Parties, in its discretion, from defending the agreed forfeiture on appeal against any such non-party claim, or contesting via appeal any court order to pay a non-party claim out of the Seized Funds.

4.    Inverglobal generally and unconditionally releases, indemnifies, and holds harmless the United States, and its officers, agents, employees, and representatives, both past and present, including, but not limited to, the United States Department of Justice, the United States Attorney's Office for the District of Massachusetts, the United States Drug Enforcement Administration, and the United States Marshals Service, as well as any other federal, state, county, or local law enforcement agencies whose personnel assisted, or will assist, in the seizure and detention of the Seized Funds, and the agreed forfeiture and return of portions of the Seized Funds as set forth herein, from

any and all civil claims, including, but not limited to, demands, damages, causes of action, or suits, of whatever kind and/or description and wheresoever situated, which might now or ever exist by reason of, or grow out of or affect, directly or indirectly, the seizure and detention of the Seized Funds and the agreed forfeiture of a portion of the Seized Funds to the United States.

5.    Without in any way limiting the scope of Paragraph 4, Inverglobal specifically agrees to waive any and all constitutional claims that it may have arising from or relating in any way to the seizure and detention of the Seized Funds and the agreed forfeiture of a portion of the Seized Funds to the United States, including claims that the forfeiture violates the Fourth Amendment, the Due Process Clause or the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, or any other provision of federal or state constitutional, statutory or common law.

6.    All rights of appeal as against each other with respect to the civil matters encompassed by this Agreement are hereby waived by all Parties.  Each of the Parties shall bear its own costs, including attorneys fees and other expenses, incurred by it in connection with any of the proceedings pertaining directly or indirectly to these matters.

7.   Inverglobal agrees that nothing in this Settlement Agreement shall be construed to satisfy or offset any tax liability or any other debt that it may owe to the United States.

8.   Inverglobal hereby acknowledges that it is, and has been, represented by competent counsel in connection with the Settlement Agreement, that the provisions of this Settlement Agreement and the legal effects thereof have been explained to it, and that it is entering into this Settlement Agreement freely and voluntarily, without coercion, duress, or undue influence.

9.   The Parties agree that the settlement of this matter upon the terms and conditions set forth herein is in full, final, and complete satisfaction of any and all civil claims arising out of the seizure and restraint of the Seized Funds by the United States, and the forfeiture of the agreed portion of the Seized Funds to the United States.

10.   The parties agree that this Agreement shall not constitute an admission of any criminal liability, or of any civil liability beyond the consent to forfeiture set forth herein, on the part of Inverglobal.

6

IN WITNESS WHEREOF, the United States of America, by its attorneys, and Inverglobal, by its attorneys, hereby execute this Agreement.  The execution may be by multiple signature pages, each of which shall constitute part of the Agreement.

CARMEN M. ORTIZ
United States Attorney

By: _____
Neil J. Gallagher, Esq.
Richard L. Hoffman, Esq.
Assistant U.S. Attorneys
John Joseph Moakley Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210
(617) 748-3100

Date: _____


JENNIFER SHASKY CALVERY
Chief, Asset Forfeiture and
Money Laundering Section

By: _____
Scott Paccagnini
Trial Attorney
Asset Forfeiture and Money Laundering Section
United States Department of Justice
1400 New York Avenue, N.W., 10th Floor
Washington, D.C. 20530
(202) 514-1263

Date: _____

7

INVERGLOBAL CORPORATION
By its attorneys,


Robert Targ, Esq.
Diaz Reus & Targ, LLP
2600 Bank of America Tower
100 SE 2nd Street
Miami, Florida  33131

Date:   9/29/10

<u>ACKNOWLEDGMENT AND AUTHORIZATION OF SETTLEMENT AGREEMENT</u>:

Inverglobal Corporation, by _Arturo Siso_, its _Director_, hereby confirms that it has authorized its attorney, identified above, to execute the foregoing Agreement on its behalf, as of the date set forth above.

**Inverglobal Corporation**

By: _____, hereunto duly authorized.

# DIRECTORS RESOLUTION
# INVERGLOBAL CCORP

Board of Directors meeting celebrated at 10:00 am on Monday August 23, 2010.

**NOTIFICATION**:  All persons whom had the right to attend this meeting declined their desired to do so.

**PERSONS PRESENT**:
Arturo Siso
Caleb White
Jorge Luis Nebreda
Angel Pereira
Juan Pedro Tovar


**PRESIDENT OF THE MEETING**:

Arturo Siso was elected as President of this meeting

**SECRETARY OF THE MEETING**:

Arturo Siso was elected as Secretary of this meeting, and she acted in this capacity, taking note of the discussions

**RESOLUTION**:

To authorize Arturo Siso to sign any and all documents necessary with the United States Attorney's Office for the district of Massachusetts and the Asset Forfeiture and Money Laundering Section of the Criminal Division of the U.S. Deaprtment of Justice ("the Government"), or any other Government agency, pertaining to the release of funds seized involving certain account No. 7649 in Bank of American, Including account in the name Rosemont M Inc, B/D/A Inverglobal Corp.

I, Arturo Siso and Inverglobal Corp Panamanian Corporation established on March, 2004 under the laws of the Republic of Panama, are duly authorized to conduct this meeting, and hereby declared that the reason of the best business interests of the company, Arturo Siso will be authorized to sign on behalf of Inverglobal Corp in any legal deals of such entity.

**CLOSING**:

Not having any other matter to discuss, the resolution was accepted and the meeting was adjourned.


President of the Meeting
Arturo Siso

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,
                    Plaintiff

      v.                                NO. _____

$2,100,000.00 IN UNITED
STATES CURRENCY, SEIZED
FROM BANK OF AMERICA
ACCOUNT NO. 898012027649,
                    Defendant

**EXHIBIT A**

## ASSENTED-TO COMPLAINT FOR FORFEITURE *IN REM*

The United States of America, with the assent of Inverglobal Corporation ("Inverglobal" or "Claimant"), by the undersigned attorneys, in a civil action of forfeiture pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and Title 18, United States Code, Sections 981(a)(1)(A) and 984, states as follows:

1.    This Court has subject matter and *in rem* jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355. Venue is appropriate in this district pursuant to 28 U.S.C. § 1395. The Parties in their Settlement Agreement have assented to have a United States Magistrate Judge conduct all proceedings in this assented-to civil forfeiture case pursuant to 28 U.S.C. § 636(c), and the applicable Local Rules and Standing Orders of this Court.

2.    The Defendant Property consists of the agreed amount of $2,100,000.00, together with any interest or other return actually earned on that $2,100,000.00 portion of certain United States funds, duly seized from a bank account at the Bank of

America in Miami, Florida, pursuant to a warrant issued in this district and executed at Bank of America on March 25, 2009, that is, $4,631,130.18 (the "Seized Funds") seized from Bank of America account number 898012027649, in the name of Rosemont M Corporation d/b/a Inverglobal Corporation (the "Subject Account").

3.    The Defendant Property is forfeitable to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 984 because it constitutes property involved in transactions or attempted transactions in violation of 18 U.S.C. § 1960, property traceable to such property, or fungible property that was found in the same account as the property involved in such transactions that had occurred within one year before the date of seizure.

4.    Without admitting its own involvement in, contemporaneous awareness of, or liability for, any violations of law arising from or relating to the following facts, and for purposes of its Settlement Agreement with the United States and this Assented-To Complaint, which is an integral part of the Settlement, only, Claimant Inverglobal admits that the following facts are true:

A.    Rosemont M Corporation ("Rosemont M") was incorporated in Florida on or about July 9, 2007, and at all pertinent times, was on record with the state of Florida as existing and maintaining an office in Florida.

2

B.   On or about  July 11, 2007, Rosemont M opened the
Subject Account at Bank of America in Miami, Florida.  On or
after December 19, 2007, Rosemont M caused the records of
Bank of America to indicate that the Subject Account was
held in the name of Rosemont M Corporation d/b/a Inverglobal
Corporation.

C.   Rosemont M used the Subject Account in the business of
receiving wire transmissions of funds on behalf of persons
other than Rosemont M from other accounts and locations
inside and outside the United States, and transmitting funds
by wire on behalf of persons other than Rosemont M to other
accounts and locations inside and outside the United States.

D.   The total amount of the funds involved in the wire
transmissions so received and so transmitted through the
Subject Account within the year prior to March 25, 2009, was
at least $2,100,000.00.

E.   Although the Claimant maintains that it was led to
believe that Rosemont M's money transmitting business was,
for at least a portion of this time, duly licensed by the
state of Florida and duly registered with the Financial
Crimes Enforcement Network of the U.S. Department of the
Treasury ("FinCEN"), no such Florida license was ever issued
to Rosemont M, and Rosemont M was never registered as a
money transmitting business with FinCEN.

3

F.    On March 25, 2009, the United States executed a seizure warrant issued by a United States Magistrate Judge of this District at a branch of Bank of America in Miami, Florida, authorizing seizure of all funds on deposit in the Subject Account.

G.    Pursuant to that seizure warrant, the Bank of America subsequently paid over to the United States the Seized Funds in the amount of $4,631,130.18 from the Subject Account. The Seized Funds were turned over to the United States Marshals Service ("USMS"), are being held by USMS in its Seized Asset Deposit Fund, and are subject to the jurisdiction and orders of this Court.

5.    Inverglobal asserts that it is the beneficial owner of the funds seized from the Subject Account.   Rosemont M Corporation, by its president, Diego Arnal, has disclaimed any interest in the Seized Funds.

6.    By virtue of the facts set forth herein, the Defendant Property is subject to forfeiture to the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 984 as property involved in transactions or attempted transactions in violation of 18 U.S.C. § 1960, property traceable to such property, or fungible property that was found in the same account as the property involved in such transactions that had occurred within one year before the date of seizure.

4

7.    The United States and Inverglobal have agreed to waive any rights that they might otherwise have had to demand or receive discovery from each other under the Federal Rules of Civil Procedure, and jointly request that judgment of forfeiture be entered.

WHEREFORE, the United States of America prays, with the assent of Inverglobal:

1.    That a Warrant and Monition, in the form submitted herewith, be issued to the United States Marshal for the District of Massachusetts commanding him, pursuant to 18 U.S.C. § 983(a)(4) and Supplemental Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, to retain custody of the Defendant Property and to give notice to any interested persons other than Inverglobal to appear and show cause why the agreed forfeiture should not be decreed;

2.    That judgment of forfeiture be decreed against the Defendant Property;

3.    That thereafter the Defendant Property be disposed of according to law;

4.    For costs and all other relief to which the United States may be entitled; and

5.    That, upon conclusion of this assented-to forfeiture, pursuant to the parties' Settlement Agreement, and

particularly subject to Paragraphs 2 and 3 of that
Agreement, the Court direct the United States Marshals
Service to return the remainder of the Seized Funds, in the
amount of $2,531,130.18, together with any interest or other
return actually earned on that $2,531,130.18 portion of the
Seized Funds, to Inverglobal, through its attorney.

                    Respectfully submitted,
                    CARMEN M. ORTIZ,
                    United States Attorney

        By:  _____
                    Neil J. Gallagher
                    Richard L. Hoffman
                    Assistant U.S. Attorneys
                    John Joseph Moakley Courthouse
                    Suite 9200
                    1 Courthouse Way Boston, MA 02210
                    (617) 748-3100


                    JENNIFER SHASKY CALVERY
                    Chief, Asset Forfeiture and
                    Money Laundering Section

        By:  _____
                    Scott Paccagnini
                    Trial Attorney
                    Asset Forfeiture and Money Laundering Section
                    United States Department of Justice
                    1400 New York Avenue, N.W., 10th Floor
                    Washington, D.C. 20530
                    (202) 514-1263

Date: ___Oct. 15, 2010___

6

INVERGLOBAL CORPORATION, BY ITS UNDERSIGNED COUNSEL, HEREBY
ASSENTS TO THE FOREGOING COMPLAINT FOR FORFEITURE *IN REM*:

Inverglobal Corporation
By its attorney,

Robert Targ, Esq.
Diaz Reus & Targ, LLP
2600 Bank of America Tower
100 SE 2nd Street
Miami, Florida  33131

Date: 9/29/10

7

## Verification

    I, Brian DeJoy, Special Agent, United States Drug Enforcement Administration, state that I have read the foregoing Assented-To Complaint for Forfeiture *in Rem*, and that the contents thereof are true to the best of my knowledge, information, and belief.

                      Brian DeJoy
                      Special Agent
                      Drug Enforcement Administration

### Commonwealth of Massachusetts

Suffolk, ss.                             Boston,
                            Massachusetts

    On this 15th day of October, 2010, before me, Lisa J. Talbot, the undersigned notary public, personally appeared Brian DeJoy, proved to me through satisfactory evidence of identity, which was personally known, to be the person whose name is signed on the preceding or attached document, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his knowledge and belief.

                      Notary Public

My commission expires: May 13, 2016



LISA J. TALBOT
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
May 13, 2016

8

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing Settlement Agreement on Inverglobal Corporation by sending a true copy to its attorney, Robert Targ, Esq., Diaz Reus & Targ, LLP, 2600 Bank of America Tower, 100 SE 2nd Street, Miami, Florida 33131, by electronic mail.

Richard L. Hoffman
Assistant U.S. Attorney

Dated: Oct. 15, 2010